IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITHON E. BOGAN                                                       PLAINTIFF

        v.                              Civil No. 11-5061

CLYDE M. HUNNICUTT, Parole/
Probation Officer, Fayetteville, Arkansas;
EDDIE COBB, Area Supervisor of the
Fayetteville Office of Probation and Parole;
RICKY HOGG, Area Supervisor of the
Fayetteville Office of Probation and Parole;
ASHLEY VAILES, Hearing Examiner,
Arkansas Board of Parole; and JOHN
FELTS, Commissioner, Arkansas
Board of Parole                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Keithon E. Bogan filed this action pursuant to the civil rights act, 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**Background**

On November 14, 2010, Bogan was arrested and charged with various crimes. On November 15, 2010, his supervising parole officer, Clyde M. Hunnicutt, issued a "white warrant" and served it on Bogan. Bogan was alleged to have violated the conditions of his parole involving #2 employment/education, #4 laws, #6 the use of alcohol or controlled substances, and # 12 a special condition of his release that he have no contact with his victim's family.

On December 17, 2010, Bogan had a parole hearing before Hearing Examiner Ashley Vailes. He was found to have violated each of the conditions listed above and his probation was

-1-

revoked. He appealed the revocation and on February 2, 2011, he received a letter from John Felts, Commissioner of the Arkansas Parole Board, affirming the decision of the examiner.

On February 18, 2011, Bogan alleges all criminal charges against him were dismissed. He therefore believes his parole was unjustly revoked. He maintains he did not violate conditions #4 and #12. With respect to condition #12, he notes that he is married to LaToya Thompson who is the sister of his victim. He maintains this condition should be removed. He admits being guilty of violating conditions #2 and #6. He indicates he did fail to maintain employment and tested positive for marijuana on three occasions. However, he asserts that these violations do not warrant a nine month sentence.

He believes the area supervisors, Ricky Hogg and Eddie Cobb have treated other parolees more favorably when the criminal charges against them were dismissed. He indicates he wrote the supervisors asking that he be treated equally but received no response.

As relief, Bogan wants his parole reinstated. He also wants monetary damages due to his emotional and mental distress. Bogan also asks that the Defendants be terminated from their positions.

### Discussion

Bogan's claims are subject to dismissal. First, Plaintiff's claims against Ashley Vailes, a hearing examiner with the Arkansas Parole Board, and John Felts, a Commissioner with the Arkansas Parole Board are subject to dismissal. The Arkansas Parole Board is a state agency created by the Arkansas General Assembly. *See* Ark. Code Ann. § 16-93-201 ( 2007). Its members are appointed by the governor and confirmed by the senate. *Id.* A claim against a hearing officer of the Arkansas Parole Board is the equivalent of a suit against a state agency and Eleventh Amendment immunity precludes this claim. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Furthermore, the hearing examiner and commissioner perform essentially

judicial functions and are entitled to absolute immunity. *See e.g., Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996).

Second, the claims against the parole officers Clyde M. Hunnicutt, Eddie Cobb and Ricky Hogg are subject to dismissal. Parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *See Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

## Conclusion

For the reasons stated, I recommend that this case be dismissed as the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against Defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike pursuant to 28 U.S.C. **§** 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**Bogan has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Bogan is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of April 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE